UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-1884 |
| | § | |
| NABORS OFFSHORE CORPORATION and | § | |
| CHEVRON U.S.A., INC., | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the court is plaintiff Gary George's motion to reconsider summary judgment and/or motion to alter or amend the judgment and/or motion for relief from judgment. Dkt. 69. Having considered the motion, response, as well as the filings related to the motion for summary judgment and applicable law, the court is of the opinion that the motion to reconsider should be DENIED.

I. LEGAL STANDARD AND ANALYSIS

George requests that the court reconsider its order granting summary judgment in defendant Nabors International, Inc.s' ("Nabors") favor under Federal Rules of Civil Procedure 59(e) and 60(b)(6). A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. Rule 60(b)(6) provides for relief from a final judgment or order for any

reason that "justified relief." Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) relief is only available in extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 199-200, 71 S. Ct. 209 (1950).  And, a district court's power to relieve a party from a final judgment under Rule 60(b)(6) "do not extend to considering evidence that could have been presented at trial." *Gov't Financial Servs. One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995).

George takes issue with the court's statement in the order granting summary judgment that "'the availability or lack thereof of an alternate route does not impact the court's analysis as to whether the hoses presented an open and obvious danger.'"  *Id.* (quoting Dkt. 67 at 7).  George contends that the court erred in granting summary judgment because while there is no duty to warn of obvious risks those risks can easily be avoided, the general rule does not apply when the risks cannot be easily avoided. Dkt. 69 at 4.  The court views this as a rehashing of arguments George already made and therefore improper.  However, to the extent the sentence above may be viewed as a manifest error of law, the court will address George's argument to clarify that when the alleged absence of an alternative route is considered, summary judgment is still proper.

George depends heavily on the Restatement (Second) of Torts § 343A to support his contentions of error, as well as the comments to this section.  Nabors contends that Louisiana has not adopted this section of the Restatement, so the Restatement does not provide reason for the court to reconsider its summary judgment ruling. Dkt. 70.  Additionally, Nabors argues that, even if the court considered the Restatement, if § 343A is considered in its entirety, it supports the court's determination that summary judgment is appropriate.  The court will not address the argument regarding Louisiana's adoption or lack thereof of § 343A because it finds that the section supports the court's original order.

2

The first subsection of the Restatement instructs:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) Torts § 343A(1).  George emphasizes the text "unless the possessor should anticipate the harm despite the knowledge or obviousness." Dkt. 69 at 5.  Here, as noted in the order granting summary judgment, Nabors had no reason to anticipate that George would by harmed by the hoses.  The record shows that (1) George had been extensively trained to recognize such hazards; and (2) George had an obligation to stop work (without suffering any repercussions) if he encountered a hazardous situation.  Dkt. 67 at 7-8 & nn.2-3.

George also points the court to a specific example provided in the comments to Restatement (Second) of Torts § 343A:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger.  In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection.  This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.  Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.  In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk.  (See §§ 466 and 496 D.)  It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

Restatement (Second) Torts § 343A, cmt. f.  George then offers the following illustration to § 343A:

> The only convenient approach from the east to the station of A Railroad is over a footbridge which, through the negligence of the Railroad, is covered with snow and ice.  The condition of the bridge is obviously dangerous, but not extremely so.  The only other approach to the station, from the west, would require a detour of six blocks.  B, a prospective passenger coming from the west, attempts to use the bridge rather than detour, and slips and is injured.  A Railroad is subject to liability to B.

Restatement (Second) of Torts § 343A, ill. 8.  George equates his situation to that of the railroad passenger, who had no other convenient path to get to the station.  However, Nabors, unlike the railroad in the example, had no reason to expect that George would proceed if the hoses were in his path to his worksite.  The railroad passenger had no power to delay the train if he did not make it to the station on time, whereas George did have the power to stop work if confronted with a hazardous condition.

George also contends that the obviousness of the potentially dangerous condition is a relevant factor to consider, but that "'the key to a finding of no liability in such cases is not the plaintiff's subjective awareness of the risk, but the determination that the defendant did not act unreasonably vis-a-vis the plaintiff . . . .'"  *Id.* (quoting *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1136 (La. 1988)).  The court considered whether the defendant acted unreasonably when it granted the defendant's motion for summary judgment.  The court specifically noted in its order that

> Nabors provides a logical explanation regarding the utility of having the hoses on the deck.  Nabors states that "the tight space and operational limitations present on a platform when the crane is in the last stages of being demobilized" make it almost impossible to keep the deck clear of obstructions. Dkt. 62. The deck was a "logical place"—according to *George*—to stage the tanks and hoses before moving them down with a crane onto the boat. . . .  Dkt. 53, Exh. E at 34-35.  George does not offer any evidence demonstrating a lack of utility in having the hoses and tanks on the deck during offloading.

Dkt. 67 (footnote omitted).  Moreover, Nabors had reason to believe that George, who "had eighteen years of experience as an offshore welder, and . . . had been through numerous training and safety

4

meetings in which he had been warned how to recognize and avoid trip-and-fall hazards," would recognize that the hoses, which were on the deck because they were preparing to load them into a boat, posed a tripping hazard.  *Id.*

George also argues that the court should reconsider its ruling due to the Restatement's position relating to the availability of alternative routes.  The Restatement indicates that possessors "may reasonably assume that members of the public will not be harmed by known or obvious dangers which are not extreme, and which any reasonable person exercising ordinary attention, perception, and intelligence could be expected to avoid.  This is true particularly where a reasonable alternative way is open to the visitor, known or obvious to him, and safe."  Restatement (Second) of Torts § 343A, cmt. g.  Here, George asserts that he did not have an alternative route to his worksite.  However, he did have an alternative to proceeding over the hoses: he could have avoided the hazard by exercising his stop work authority.

### III. CONCLUSION

The court did not err in granting summary judgment in favor of Nabors.  Thus, George's motion to reconsider, alter, or amend the judgment, and for relief from judgment, is **DENIED**.

Signed at Houston, Texas on February 10, 2011.

Gray H. Miller
United States District Judge

5